**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HAROLD LEE TILLMAN,

                Petitioner,                Case Number: 04-40092

v.                                      HONORABLE PAUL V. GADOLA

MILLICENT WARREN,

                Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**
**FOR FAILURE TO COMPLY WITH STATUTE OF LIMITATIONS AND**
**DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Harold Lee Tillman, a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  Now before the Court is Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations.  For the reasons set forth below, the Court grants the Motion and dismisses the petition for a writ of habeas corpus.

**I.**

On October 21, 1974, Petitioner pleaded guilty in Recorder's Court for the City of Detroit to second-degree murder, pursuant to a plea agreement whereby the prosecutor dismissed a charge of assault with intent to murder.  He was sentenced to life imprisonment.  The Michigan Court of

Appeals reversed Petitioner's conviction because the guilty plea proceedings could not be reviewed on appeal since the court reporter lost the transcript of the proceedings. People v. Tillman, No. 22767 (Mich. Ct. App. May 9, 1975).

On remand, the prosecutor reinstated the original charges of second-degree murder and assault with intent to murder. Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted of second-degree murder and assault with intent to murder. On December 4, 1975, he was sentenced to two concurrent terms of life imprisonment.

On appeal, the Michigan Court of Appeals vacated the assault conviction and affirmed the second-degree murder conviction. People v. Tillman, No. 27119 (Mich. Ct. App. Sept. 5, 1978). The Michigan Supreme Court then reversed the judgment of the Court of Appeals and reinstated the assault with intent to murder conviction. People v. Tillman, No. 62145 (Mich. March 26, 1979).

According to Petitioner, on April 28, 1997, he gave a motion for relief from judgment to prison authorities for mailing. Petitioner states that, at some point after that, he became concerned when he did not receive acknowledgment from the trial court that his motion had been filed and contacted the Clerk of Court. The Clerk of Court informed him that his motion had been lost or misplaced because the Recorder's Court was in the process of merging with the Third Judicial Circuit Court and advised Petitioner to re-file his motion. Petitioner re-filed the motion on August 24, 1998.

Petitioner then filed a second supplemental motion to the re-filed motion for relief from judgment. On April 9, 2002, the trial court issued an Order Dismissing in Part Defendant's Motion for Relief from Judgment and Directing Prosecuting Attorney to Respond in Part. People v. Tillman,

2

No. 74-03447 (Wayne County Circuit Court Apr. 9, 2002).  From the papers submitted by both parties, the Court cannot discern whether the trial court issued any further rulings disposing of the remaining claims contained in the motion for relief from judgment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  Again, it is unclear whether this application addressed the April 9, 2002 decision of the trial court or a subsequent order which disposed of the remaining claims presented in the Motion.  The Michigan Court of Appeals denied leave to appeal.  People v. Tillman, No. 246152 (Mich. Ct. App. June 17, 2003).  Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on January 27, 2004.  People v. Tillman, No. 124409 (Mich. Jan. 27, 2004).

Petitioner filed the pending petition for a writ of habeas corpus on March 12, 2004.  Respondent has filed a Motion to Dismiss for Failure to Comply with the Statute of Limitations.  Petitioner has filed a response brief.

## II.

Respondent has filed a motion to dismiss on the ground that the petition for a writ of habeas corpus is barred from review because it is untimely.  "In ruling on a motion to dismiss, the allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner."  Urbina v. Warden, 270 F.3d 292, 295 (6th Cir. 2001).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas corpus petitions filed after the effective date of the Act, April 24, 1996.  Petitioner's application for habeas corpus relief was filed after April 24, 1996.  Therefore, the provisions of the AEDPA, including the limitations period for filing an

application for habeas corpus relief, apply to petitioner's application.  Lindh v. Murphy, 521 U.S. 320, 337 (1997).

Among other amendments, the AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which habeas petitions challenging state court judgments must be filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244 (d)(1)(A).  If a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court.  Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999).  However, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period.  Section 2244(d)(2) provides:

> The time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In the pending case, Petitioner's conviction became final before the AEDPA's effective date, April 24, 1996.  Therefore, absent state collateral review, Petitioner was required to file his application for habeas corpus relief by April 24, 1997, to comply with the one-year limitations period.  Petitioner sought state collateral review of his conviction by filing a motion for relief from judgment in the trial court.

The date on which Petitioner filed his motion for relief from judgment is disputed by the parties.  Respondent argues that Petitioner filed a motion for relief from judgment on August 24,

1998.  Petitioner states that he gave his motion for relief from judgment to prison authorities for mailing on April 28, 1997.  In ruling on a motion to dismiss, the Court must take Petitioner's allegations as true.  Urbina, 270 F.3d at 295.  Therefore, the Court accepts as true Petitioner's claim that he gave his motion for relief from judgment to prison authorities for mailing on April 28, 1997, and his motion is considered filed on that date.  Houston v. Lack, 487 U.S. 266, 270 (1988) (holding that, when a prisoner is proceeding *pro se,* a pleading is considered "filed" when it is turned over to prison authorities for mailing).  However, even accepting that Petitioner gave his motion to prison authorities for filing on April 28, 1997, and tolling the limitations period from that date until August 24, 1998, when the motion was actually filed, the petition is still untimely.  The motion for relief from judgment did not serve to toll the limitations period because it was filed after the limitations period already had expired, on April 24, 1997.

Although the motion was filed only four days after the limitations period expired, the Court must, nevertheless, enforce the one-year limitations period.  Failure to enforce the filing deadlines by adjusting those deadlines, even if only by a few days, "would make navigating AEDPA's timetable impossible.  Such laxity would reduce predictability and would prevent [courts] from treating the similarly situated equally."  Lookingbill v. Cockrell, 293 F.3d 256, 265 (5th Cir. 2002), *cert. denied* 537 U.S. 1116 (Jan. 13, 2003).  *Accord* Rouse v. Lee, 339 F.3d 238, 253 (4th Cir. 2003).  Thus, the Court concludes that the habeas petition was not timely filed.

### III.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [docket entry 10] is **GRANTED** and the matter is **DISMISSED WITH**

**PREJUDICE**.

s/Paul V. Gadola

PAUL V. GADOLA

UNITED STATES DISTRICT JUDGE

Dated:  May 3, 2005

---

Certificate of Service

I hereby certify that on   May 4, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Debra M. Gagliardi                                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:           Harold Tillman              .

s/Ruth A. Brissaud

Ruth A. Brissaud, Case Manager

(810) 341-7845