UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HAROLD TILLMAN, *a.k.a. Harold A. El-Amin*,

            Petitioner,

                                      Case Number 04-40092-BC

v.                                     Honorable Thomas L. Ludington

MILLICENT WARREN,

            Defendant.

_____ /

### <u>ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT</u>

On May 3, 2005, Judge Paul V. Gadola dismissed Petitioner's Harold Tillman's petition for writ of habeas corpus. Dkt. # 13. Judge Gadola reasoned that the petition was untimely and barred by 28 U.S.C. § 2244. *See id.* at 3-5. Judge Gadola also declined Petitioner's request for a certificate of appealability. Dkt. # 16. Petitioner appealed those decisions, but the Sixth Circuit affirmed the district court. Dkt. # 26-27.

On April 20, 2009, Petitioner moved to vacate the Court's judgment because it is void. Fed. R. Civ. P. 60(b)(4). Dkt. # 28. In that motion, Petitioner contended that "[h]e is being held in violation of Federal Constitutional Law and that a fundamental defect has resulted in a manifest injustice" and the Court's judgment denying his petition was entered "in a manner inconsistent with due process of the law." *Id.* This Court denied that motion because Petitioner "ha[d] not identified any irregularity in the process employed on habeas review. Nor ha[d] Petitioner offered any reasonable basis why the judgment is void." Dkt. # 29.

The instant motion seeks relief pursuant to Fed. R. Civ. P. 59(a) and 60(b)(4). Rule 59 is inapplicable because it provides for a new trial – a circumstance not implicated with a petition for writ of habeas corpus. Rule 60(b)(4) permits relief from a final judgment if it is determined to be

void, but it "is not a substitute for an appeal and the finality of judgments ought not be disturbed except on very narrow grounds . . . ." *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1003 (7th Cir. 1971) (citation omitted); *see also In re Ferro Corp. Derivative Litigation*, 511 F.3d 611 (6th Cir. 2008) (recognizing principle that public policy favors the finality of judgments). Keeping in mind that the Court denied the petition as untimely – a conclusion affirmed by the Sixth Circuit – the instant motion does not offer any justification to nullify the judgment.

Just as in his previous Rule 60(b) motion, Petitioner contends that his due process rights were violated, but he has not identified any irregularity in the process employed on habeas review. In addition, Petitioner contends that this Court may "correct an illegal sentence" pursuant to Fed. R. Crim. P. 35(a), but that rule applies to a sentence imposed by a U.S. District Court – Petitioner is serving a sentence for violating Michigan law imposed by a state court.

Ultimately, Petitioner believes that the time limitations associated with filing a petition for a writ of habeas corpus, codified at 28 U.S.C. § 2244, do not apply because the filing of a Rule 60 motion is not subject to time limitations. This assertion is incorrect. While the motion pursuant to Rule 60 is not constrained by a statute of limitations, his petition for writ of habeas corpus was bound to certain timing requirements of 28 U.S.C. § 2244. Petitioner has not advanced any reason, before or after judgment, to excuse his noncompliance with 28 U.S.C. § 2244. The Court will deny Petitioner's motion.

Accordingly, it is **ORDERED** that Petitioner's motion to alter or amend judgment [Dkt. #

30] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 23, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on June 23, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS
